UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

RHONDA S. ABBOTT
         Plaintiff

V.

THE TOWN OF SALEM NEW HAMPSHIRE,
PRINTS PLUS, INC., CONTROL SECURITY
SERVICES, INC., SIMON PROPERTY GROUP,
LOUIS CURRIER, JEFFREY OUELLETTE,
KRISTIN FILI, AND DENISE L. SMITH
         Defendants

COMPLAINT AND DEMAND
FOR TRIAL BY JURY

## THE PARTIES

1. The plaintiff, Rhonda S. Abbott ("Abbott"), is a resident of Haverhill, Essex County, Massachusetts; and a disabled person entitled to the assistance and protection of The Americans with Disabilities Act of 1990 (the "Act")

2. The defendant, Prints Plus, Inc. ("Prints") is a California corporation with a principal place of business at 2300 Clayton Road, Ste 1150, Concord, California and a Registered Agent of CT Corp. System located at 9 Capital Street, Concord, New Hampshire.

3. The defendant, Control Security Services, Inc. ("Security"), is a New Jersey corporation with a principal place of business 333 Meadowland Parkway, Secaucus, New Jersey and Corp. Srvc. Co. d/b/a Lawyers Inc. Srvc. 14 Centre Street, Concord, New Hampshire as its Registered Agent.

4. The defendant, Simon Property Group ('Simon"), an unincorporated association with a place of business located at 99 Rockingham Park Boulevard, Salem, Rockingham County, New Hampshire.

5. The defendant, The Town of Salem, New Hampshire ("Salem"), is a municipal corporation with the Town Manager's Office located at 33 Geremonty Drive, Salem, Rockingham County, New Hampshire.

6. The defendant, Louis J. Currier ("Currier"), is a police officer employed by Salem Police Department and the defendant, Security, with a New Hampshire residential address unknown to the plaintiff.

7. The defendant, Jeffery Ouellette ("Ouellette"), is a police officer employed by the Salem Police Department and the defendant, Security, with a New Hampshire residential address unknown to the plaintiff.

1

8. The defendant, Kristin L. Fili ("Fili"), is a police officer employed by the Salem Police Department with a New Hampshire residential address unknown to the plaintiff.

9. The defendant, Denise L. Smith ("Smith"), is a resident of New Hampshire residing at 35 Moose Hollow Road, Danville, New Hampshire and, at all times material hereto, an employee of the defendant, Prints.

## JURISDICTION

10. Jurisdiction of this Court is invoked pursuant to diversity of citizenship. Plaintiff is a citizen of the Commonwealth of Massachusetts; the defendant, Prints, a corporation organized under the laws of the State of California; the defendant, Security, a corporation incorporated under the laws of the State of New Jersey; the defendant, Simon, an unincorporated association with a place of business located within the State of New Hampshire; the defendant, Salem, a municipal corporation incorporated in the State of New Hampshire and the individual defendants, Currier, Ouellette, and Smith are all residents of the State of New Hampshire. The matters in controversy exceed, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

11. The action arises in part under the Americans with Disabilities Act of 1990, 104 Stat. 327; U.S.C. Title II, § 202 and U.S.C. Title III, § 302, (the "Act") as hereinafter more fully set forth..

## COUNT I

12. Plaintiff realleges the statements contained in Paragraphs 1 through 11 of this Complaint and incorporates said statements herein by reference as if the said Paragraphs were again set forth in full detail.

13. Plaintiff arrived at Prints store in the Mall at Rockingham Park (the "Mall") located in Salem New Hampshire early on the evening of November 3, 2001. She had previously brought a picture to Prints and requested that it be framed in the style she selected. Plaintiff paid for the framing and obtained a receipt. On November 3, 2001 she presented her receipt for the framed picture to the clerk employed by Prints, Smith, and requested the framed picture. Smith told plaintiff that she could not find the painting. Plaintiff requested the opportunity to look for it herself. Plaintiff had trouble hearing what Smith was saying and requested a piece of paper and pen to converse. At this point Smith ordered the plaintiff out of the store; plaintiff could not fully understand what Smith was saying and again asked for assistance to help her comprehend what the clerk was saying. Aid was refused and Smith called the police and plaintiff was subsequently assaulted by the police, arrested without reasonable or probable cause and falsely imprisoned.

14. As a direct result of the denial of plaintiff's rights under the Act to receive proper assistance for her disability so that she may enjoy full and equal access to the services and facilities offered to the public by Prints, through their employee, Smith, acting within the scope of her authority; plaintiff was subjected to great indignities, humiliation and disgrace in being assaulted, detained, compelled to walk, handcuffed through the Mall in full view of the large crowd of shoppers and customers and transported to the Salem Police Station where she was imprisoned, deprived of her liberty, and suffered mental and physical pain all to her great damage.

WHEREFORE, the plaintiff demands judgment against the defendants Smith and Prints for damages and costs of this action.

## COUNT II

15. Plaintiff realleges the statements contained in Paragraphs 1 through 14 of this Complaint and incorporates said statements herein by reference as if the said Paragraphs were again set forth in full detail.

16. On November 3, 2001 Currier, a police officer of Salem on private duty, employed by Security, and at all times herein acting within the scope of his authority, was called to the Prints store in the mall by Smith. On arrival the plaintiff tried to explain to Currier what she wanted but she was told to leave the store. Plaintiff again stated that she could not understand the conversation and attempted to have it conducted by written notes. Currier refused. Currier in placing the handcuffs on plaintiff as she pleaded with him to listen to her, threw the plaintiff violently to the floor and she struck her head against the wall of the Prints store. Currier called for the assistance of Ouellette, also a Salem police officer on private duty employed by Security, and at all times herein acting within the scope of his authority. Ouellette arrived and the plaintiff again attempted to converse with him and tell him what had happened. She again requested that the conversation be carried out by use of paper and pen. This was refused and she was escorted through the mall by Currier and Ouellette; placed in a cruiser driven by Fili; transported to Salem Police Station; subjected to taunting about her disability by Fili and other officers; and confined without assistance for her disability.

3

17. As a direct result of the denial of plaintiff's rights under the Act to receive assistance in order to fully communicate and understand what was being done by Currier and Ouellette, plaintiff was subjected to great indignities, humiliation and disgrace in being assaulted, detained, imprisoned, and was compelled to walk, handcuffed through the Mall at Rockingham Park in full view of the large crowd of shoppers and customers who were thereby made aware that plaintiff had been arrested.

18. As a result of denial of plaintiff's rights as aforesaid by Currier and Ouellette, acting within the scope of their authority as employees of both Salem and Security; and File, acting within the scope of her authority as an employee of Salem, plaintiff suffered arrest, exposure, detention and imprisonment, as aforesaid, and suffered mental and physical pain all to her damage.

WHEREFORE, the plaintiff demands judgment against the defendants Currier and Ouellette for damages and costs of this action.

### COUNT III

19. Plaintiff realleges the statements contained in Paragraphs 1 through 18 of this Complaint and incorporates said statements herein by reference as if the said Paragraphs were again set forth in full detail.

20. On November 3, 2001 Security was employed by Simon to provide security services in the Mall and as such was obligated to provided assistance to handicapped customers and visitors to insure that they may enjoy full enjoyment of its services.

21. Notwithstanding the obligation of Security to assist handicapped visitors and customers of the Mall, its employees received inadequate training and/or instructions on providing such assistance as required under the Act.

22. As a direct result of the failure of Security to properly instruct and train its employees to provide assistance to handicapped visitors and customers in the Mall as required under the Act, plaintiff was subjected to great indignities, humiliation and disgrace by Security's employees, Currier and Ouellette, acting within the scope of their authority, in being assaulted, detained, imprisoned, and was compelled to walk, handcuffed through the Mall at Rockingham Park in full view of the large crowd of shoppers and customers who were thereby made aware that plaintiff had been arrested; whereby the plaintiff suffered mental and physical pain all to her damage.

WHEREFORE, the plaintiff demands judgment against the defendant Security for damages and costs of this action.

### COUNT IV

23. Plaintiff realleges the statements contained in Paragraphs 1 through 22 of this Complaint and incorporates said statements herein by reference as if the said Paragraphs were again set forth in full detail.
24. On November 3, 2001 Simon was in charge of the operation of the Mall which included the responsibility of providing security services in the Mall sufficient to protect visitors from harm and insure that proper assistance to handicapped customers and visitors was available so that they have the full benefits and enjoyment of its services and facilities of the Mall as required by the Act.
25. Notwithstanding the aforesaid responsibilities, Simon wantonly and negligently failed to provide for the safety of the Mall and insure proper assistance for handicapped visitors and customers of the Mall, as aforesaid. Its employees and the employees of its subcontractor, Security, received inadequate training and/or instructions regarding such safety or assistance.
26. As a direct result of the failure of Simon to provide safety and proper assistance as aforesaid, and Simon's failure to instruct and train its employees and those responsible for security within the Mall as to the requirements of the Act, plaintiff was subjected to great indignities, humiliation and disgrace in being assaulted, detained, and imprisoned, and was compelled to walk handcuffed through the Mall at Rockingham Park in full view of the large crowd of shoppers and customers who were thereby made aware that plaintiff had been arrested; whereby the plaintiff suffered mental and physical pain all to her damage.

Wherefore, the plaintiff demands judgment against the defendant Simon for damages and costs of this action.

### COUNT V

27. Plaintiff realleges the statements contained in Paragraphs 1 through 26 of this Complaint and incorporates said statements herein by reference as if the said Paragraphs were again set forth in full detail.
28. On November 3, 2001 Salem and in particular, its Police Department was obligated under the Act, to provide proper assistance to handicapped persons customers and

5

visitors to the Mall as well as those detained within its facilities, to insure that they may enjoy full access to the services and benefits of the Mall and Salem's facilities.

29. Notwithstanding the obligation of Salem, under the Act, to assist handicapped persons, as aforesaid, its employees received inadequate training, instructions and supervision necessary to provide such assistance.

30. As a direct result of the failure of Salem to properly instruct and train its employees to provide assistance to handicapped persons, as aforesaid, Currier, Ouellette and Fili, acting within the scope of their authority as police officers of Salem, subjected the plaintiff to great indignities, humiliation and disgrace in being assaulted, detained, and imprisoned by them, and compelled to walk, handcuffed through the Mall at Rockingham Park in full view of the large crowd of shoppers and customers who were thereby made aware that plaintiff had been arrested; was further subjected to taunting and humiliation while being transported to the Salem Police Station and at that facility; whereby the plaintiff suffered mental and physical pain, all to her damage.

Wherefore, the plaintiff demands judgment against the defendant Salem for damages and costs of this action.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES OF THIS LITIGATION**

By her attorney,

William R. Sullivan, Sr.
BBO # 488340
356 Main Street
Haverhill, MA 01830
(978) 373-9130

6