UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RHONDA ABBOTT,<br>    Plaintiff<br><br>v.<br><br>THE TOWN OF SALEM, NEW HAMPSHIRE, PRINTS PLUS, INC., CONTROL SECURITY SERVICES, INC., SIMON PROPERTY GROUP, LOUIS CURRIER, JEFFREY OUELLETTE, KRISTIN FILI, AND DENISE L. SMITH<br>    Defendants. | CASE NO. 04-CV-12250-RWZ |

### MOTION OF DEFENDANTS, THE TOWN OF SALEM, NEW HAMPSHIRE, LOUIS CURRIER, JEFFREY OUELLETTE AND KRISTIN FILI TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants, The Town of Salem, New Hampshire, Louis Currier, Jeffrey Ouellette and Kristin Fili, by and through their attorneys, Devine, Millimet & Branch, Professional Association, in lieu of an answer, respectfully move, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the Complaint on the grounds that this Court lacks personal jurisdiction over the moving defendants. In support of their Motion, defendants state as follows:

1. This action arises out of allegations concerning the treatment of the plaintiff by various persons, including officers of the Salem, New Hampshire Police Department.

2. All of the actions alleged in the Complaint are said to have occurred in Salem, New Hampshire. Specifically, the plaintiff alleges that Officers Louis Currier and Jeffrey Ouellette removed her from a store in the Mall at Rockingham Park, located in Salem, New Hampshire. *See* Complaint, ¶¶ 13, 16. The plaintiff further alleges that, thereafter, Officer Kristin Fili took the plaintiff into custody and detained her at the Salem, New Hampshire police station. *See* Complaint, ¶ 16.

3. As alleged in the Complaint, Currier, Ouellette and Fili all reside in the State of New Hampshire. Complaint, ¶¶ 6-8. The Town of Salem is a municipal corporation located in the State of New Hampshire. Complaint, ¶ 5.

4. The allegations of the Complaint are insufficient to satisfy the Massachusetts Long-Arm Statute, codified at G.L. Ch. 223A, § 3. In addition, the moving defendants lack sufficient minimum contacts with Massachusetts to permit the exercise of jurisdiction over them consistent with due process. *See Noonan v. The Winston Company*, 135 F.3d 85, 89 (1st Cir. 1998). As such, this Court lacks personal jurisdiction over the moving defendants.

5. In further support of their Motion, defendants submit the accompanying Memorandum of Law.

**WHEREFORE**, defendants respectfully request that this Honorable Court:

A. Dismiss the Complaint as to the Town of Salem, Louis Currier, Jeffrey Ouellette and Kristin Fili; and

B. Grant such other and further relief as may be just and equitable.

Respectfully submitted,

THE TOWN OF SALEM, NEW HAMPSHIRE, LOUIS CURRIER, JEFFREY OUELLETTE AND KRISTIN FILI

By their Attorneys,

DEVINE, MILLIMET & BRANCH, PROFESSIONAL ASSOCIATION

Date: 12/10/04

By: _____
Brian J.S. Cullen, Esquire
BBO #566953
111 Amherst Street
P.O. Box 719
Manchester, NH  03105
(603)669-1000

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Dismiss that been forwarded on this 10th day of December, 2004 to William R. Sullivan, Sr., Esquire, 356 Main Street, Haverhill, MA 01830, counsel for the plaintiff.

Date: 12/10/04

Brian J.S. Cullen, Esquire

J:\wdox\docs\clients\04749\72281\M0658245.DOC

4