UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RHONDA ABBOTT,<br>   Plaintiff<br><br>v.<br><br>THE TOWN OF SALEM, NEW<br>HAMPSHIRE, PRINTS PLUS, INC.,<br>CONTROL SECURITY SERVICES,<br>INC., SIMON PROPERTY GROUP,<br>LOUIS CURRIER, JEFFREY<br>OUELLETTE, KRISTIN FILI, AND<br>DENISE L. SMITH<br>   Defendants. | **CASE NO. 04-CV-12250-RWZ** |

### MEMORANDUM OF DEFENDANTS, THE TOWN OF SALEM, NEW HAMPSHIRE, LOUIS CURRIER, JEFFREY OUELLETTE AND KRISTIN FILI IN SUPPORT OF MOITON TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants, The Town of Salem, New Hampshire, Louis Currier, Jeffrey Ouellette and Kristin Fili, by and through their attorneys, Devine, Millimet & Branch, Professional Association, in lieu of an answer, respectfully submit this Memorandum of Law in support of their Motion, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the Complaint on the grounds that this Court lacks personal jurisdiction over the moving defendants.

### INTRODUCTION

The plaintiff alleges that various defendants, including police officers employed by the Town of Salem,

New Hampshire, violated her rights under the Americans with Disabilities Act by forcibly removing her from a store in Salem, New Hampshire, and bringing her to the Salem Police Department. Whatever the merits of this claim (and defendants believe that there are none), the plaintiff has failed to articulate any facts establishing that this Court has personal jurisdiction over the officers or the Town of Salem. As such, this Court must dismiss the Complaint as to each of the moving defendants.

### ARGUMENT

The plaintiff bears the burden of establishing that this Court has personal jurisdiction over the defendants. *Andreson v. Diorio*, 349 F.3d 8, 12 (1st Cir. 2003); *Nicholas v. Buchanan*, 806 F.2d 305, 307 (1st Cir. 1986). Here, the plaintiff did not - and cannot - claim that the officers or Town are domiciled or established in Massachusetts. Absent defendants' residency or domicile in Massachusetts, this court may only exercise jurisdiction over the defendants if both the Massachusetts Long Arm Statute and constitutional due process considerations are satisfied. *Noonan v. The Winston Company*, 135 F.3d 85, 89 (1st Cir. 1998). The plaintiff cannot satisfy either prerequisite.

The Massachusetts Long Arm Statute permits a court to exercise jurisdiction over a foreign citizen or town only

where the cause of action arises out of the defendant's transacting business in Massachusetts or causes tortuous injury in, or by an act or omission, in that state. G.L. c. 223A § 3. The plaintiff, however, has not alleged that the moving defendants transacted any business in Massachusetts, much less that her claims arise from such business. Nor has the plaintiff alleged that the moving defendants committed any act or omission, or caused injuries, in Massachusetts. To the contrary, the plaintiff alleges that she first encountered the individual police officer defendants in the Mall at Rockingham Park "located in Salem, New Hampshire." Complaint, ¶ 13. She alleges that two of those officers detained her in that store. Complaint, ¶ 16. She was then taken immediately to the Salem, New Hampshire police station. See Complaint ¶ 16.

The failure to satisfy the Long Arm Statute alone bars exercise of jurisdiction by the Court. Even were the state statute satisfied, however, the plaintiff cannot circumvent the constitutional bar to jurisdiction. Under the Fourteenth Amendment's Due Process Clause, a court may exercise jurisdiction over a party only where the party "has maintained a continuous and systematic linkage with the forum state" (general jurisdiction) or if the case "relates sufficiently to, or arises from, a significant

acted in such a manner as to avail themselves of the benefits and protections of Massachusetts' laws.

Finally, it would be unreasonable to require the defendants, a New Hampshire municipality and three of its police officers, to defend in Boston a case that wholly arose in New Hampshire. The defendants reside in New Hampshire and all of the actions on which the claim is based occurred in New Hampshire. Indeed, even the plaintiff resides close by in neighboring Haverhill, Massachusetts. Under such circumstances, due process does not permit the exercise of personal jurisdiction.

## CONCLUSION

Needing to satisfy multiple elements to establish this court's jurisdiction over the defendants, the plaintiff has failed to allege, much less establish, even one. This

action should be dismissed for want of personal jurisdiction.

Respectfully submitted,

THE TOWN OF SALEM, NEW HAMPSHIRE, LOUIS CURRIER, JEFFREY OUELLETTE AND KRISTIN FILI

By their Attorneys,

DEVINE, MILLIMET & BRANCH, PROFESSIONAL ASSOCIATION

Date: 12/10/04           By: _____
                              Brian J.S. Cullen, Esquire
                              BBO #566953
                              111 Amherst Street
                              P.O. Box 719
                              Manchester, NH  03105
                              (603) 669-1000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Dismiss that been forwarded on this 10th day of December, 2004 to William R. Sullivan, Sr., Esquire, 356 Main Street, Haverhill, MA 01830, counsel for the plaintiff.

_____
Brian J.S. Cullen, Esquire

J:\wdox\docs\clients\04749\72281\M0658449.DOC