UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04 12250 RWZ

RHONDA S. ABBOTT )
   Plaintiff )
  )
v. )
  )
THE TOWN OF SALEM NEW HAMPSHIRE, )
PRINTS PLUS, INC., CONTROL SECURITY )
SERVICES, INC., SIMON PROPERTY GROUP, )
LOUIS CURRIER, JEFFREY OUELLETTE, )
KRISTIN FILI, AND DENISE L. SMITH, )
   Defendants )

## MEMORANDUM IN SUPPORT OF DEFENDANT CONTROL SECURITY SERVICES, INC.'S MOTION TO DISMISS PURSUANT TO FED.R.CIV. P. 12(b)(3)

### FACTS

In this action, the plaintiff alleges that, while she was in the Mall at Rockingham Park in Salem, New Hampshire, she was assaulted, arrested without probable cause and falsely imprisoned and that she was denied her rights under the Americans With Disabilities Act. See Complaint, at para. 13 & 16. The plaintiff does not refer to a single act or event giving rise to her claims that took place in the Commonwealth of Massachusetts. Id. at para. 12-30. According to the Complaint, none of the defendants named by the plaintiff in the Complaint reside in Massachusetts. Id. at para. 2-9. Each of the individual defendants (Currier, Ouellette, Filli and Smith) reside in New Hampshire. Id. at paras. 6-9. Three of such individual defendants are alleged to be police officers employed by the Town of Salem New Hampshire. Id. at paras. 6-8. The plaintiff, nonetheless, filed this action in the District of Massachusetts.

## ARGUMENT

Venue in this action is governed by 28 U.S.C. §1391, which states:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Even assuming, as the plaintiff alleges, that this Court has jurisdiction over this matter on the basis of diversity of citizenship, venue is not proper in the District of Massachusetts. According to the Complaint, all of the defendants do not reside in the Commonwealth of Massachusetts. The plaintiff alleges that defendants Currier, Ouellette and Filli are employed by the Town of Salem, New Hampshire and have "a New Hampshire residential address." See Complaint, at paras. 5-8. It is further alleged that defendant Smith resides in New Hampshire. Id. at para. 9. Thus, all of the defendants do not reside in Massachusetts and venue is not proper under §1391(a)(1). Furthermore, according to the Complaint, all of the events giving rise to this action occurred in New Hampshire. Id. at para. 13 & 16. Massachusetts is not even mentioned in the plaintiff's substantive allegations. Id. The District of Massachusetts, therefore, is not "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred" and venue is not proper under §1391(a)(2). See Myer v. Reno, 911 F. Supp. 11, (D.D.C. 1996) (venue not proper in D.C. where all defendants resided in different states

2

and none of the events giving rise to plaintiff's claim took place in D.C.). §1391(a)(3) is also not applicable because there is a district in which the action may otherwise be brought; to wit: the District of New Hampshire, where a substantial part, in fact all, of the events or omission giving rise to the claim allegedly occurred, pursuant to §1391 (a)(2).

Similarly, assuming that this Court has jurisdiction over this matter as a result of a federal question, venue is still not proper in the District of Massachusetts. As previously discussed: (1) all of the defendants do not reside in Massachusetts; and (2) according to the Complaint, all of the events or omissions giving rise to the claim occurred in New Hampshire. Thus, §1391(b)(1) and (2) are inapplicable. §1391(b)(3), similarly, does not applicable because there is a jurisdiction other than the District of Massachusetts where the action can be brought, to wit: the District of New Hampshire, where all of the events or omissions giving rise to the claim occurred. Venue in this action is, therefore, improper.

## CONCLUSION

For the reasons set forth herein, the Defendant Control Security Services, Inc.'s Motion to Dismiss should be ALLOWED.

> **CONTROL SECURITY SERVICES, INC.**
> By their attorneys,
>
> _____
> Richard J. Riley, BBO# 420610
> John P. Coakley, BBO#558685
> Murphy & Riley, P.C.
> 141 Tremont Street
> Boston, MA 02110
> (617) 423-3700
> jcoakley@murphyriley.com
> rriley@murphyriley.com

3