UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 19 P 3: 10

CIVIL ACTION NO. 0412250 RWZ

U.S. DISTRICT COURT
DISTRICT OF MASS

RHONDA S. ABBOTT

    Plaintiff

V.

THE TOWN OF SALEM NEW HAMPSHIRE,
PRINTS PLUS, INC., CONTROL SECURITY
SERVICES, INC., SIMON PROPERTY GROUP
LOUIS CURRIER, JEFFREY OUELLETTE,
KRISTIN FILI, AND DENISE L. SMITH

    Defendants

## PLAINTIFF'S OPPOSITION TO AND MEMORANDUM IN OPPOSITION TO DEFENDANTS, THE TOWN OF SALEM, NEW HAMPSHIRE, LOUIS CURRIER, JEFFREY OUELLETTE AND KRISTIN FILI, MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)

Plaintiff opposes and respectfully requests that the Court deny defendants The Town of Salem, New Hampshire, Louis Currier, Jeffrey Ouellette, and Kristin File's, Motion to dismiss plaintiff's Complaint pursuant to Fed.R.Civ.P 12(b)(6) on the grounds that this Court lacks personal jurisdiction over said defendants, for the following reasons:

### FACTS

Plaintiff prior to November 2, 2001 brought a damaged frame to the defendant, Frames, Plus, Inc. ("Frames"), to be repaired. She returned to Prints store in the Rockingham Mall in Salem, New Hampshire on the evening of November 2, 2001 to retrieve her repaired picture frame. She presented a receipt of the fame to the defendant Denise Smith ("Smith"), an employee of Prints. Simon Property Group, Inc. ("Simon") is in charge of the management of Rockingham Ma.., located in Salem, New Hampshire.

Plaintiff is a severely hearing impaired woman. Because of that disability she had difficulty in communicating with Smith, who eventually called the defendant, Control Security Services, Inc. ("Control") that was responsible for security matters within the mall. Control dispatched personnel to Prints store in the person of defendants, Louis Currier ("Currier") and Jeffrey Ouellette ('Ouellette"). The difficulty of communication continued between the plaintiff, Currier and Ouellette. As a result the plaintiff was handcuffed and transported to the Salem, New Hampshire Police Station.

The defendants, Prints, Simon and Security, are foreign corporations with principal

offices in California Indiana and New Jersey respectfully. Each of those corporations are authorized to do business in both Massachusetts and New Hampshire. Currier and Ouellette are police officers of the Town of Salem, New Hampshire and employees of Security. Smith is an employee of Prints. Kristin File ("File") is a police officer of the Town of Salem New Hampshire with a residential address unknown to the plaintiff.

Security has filed a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(3). This Memorandum is submitted in opposition to that Motion.

## ARGUMENT

The personal jurisdiction over the defendant Salem, a municipal corporation and its police personnel Currier, Ouellette and File (Id. at paras. 5-8), results from the use of the Massachusetts Long Arm Statute, M.G.L. c. 223A, §3(d). The alleged violation of 42 U. S. C., § 12101 (The Americans with Disabilities Act of 1990 )(As Amended)("ADA") took place in New Hampshire and the tortious injury to the plaintiff resulting therefrom occurred in Massachusetts and continues. The requirement of "any other persistent course(s) of conduct" with or in the forum state, Massachusetts , by a municipal corporation of a neighboring state, New Hampshire and its citizens, Currier, Ouellette, and Fili are readily discernible. Personal jurisdiction over said defendants can be obtained under the Massachusetts Long Lrm Statute, M.G.L c. 223A, § 3(d) consistent with basic due process requirements. Personal jurisdiction of Prints, Simon and Security follows from their being authorized to do business in Massachusetts.

In addition, the existence of a federal question in this litigation creates a different and more liberal requirement with regard to personal jurisdiction of the Court. Original jurisdiction over all civil actions relating to laws of the United States. 28 U.S.C. § 1331. Original jurisdiction is also granted the District Courts under the provisions of 28 U.S.C. §1332 § (a)(1). "When district court's subject matter jurisdiction rests wholly or in part on existence of federal question, Constitution requires only that defendant have requisite minimum contacts with United States as whole rather than with forum state. Cook v. McLaughlin, 917 F. Supp. 79 (D. Mass. 1996); Catrone v. Ogden Suffolk Downs, Inc., 647 F. Supp. 850 (D. Mass. 1986). Of course the federal question in this case are the alleged violations of the ADA by each of the defendants. It has also been stated that, "The minimum contacts" requirement for personal jurisdiction is not imposed on federal courts in a federal question case by due process concerns, but rather is imposed by Federal Rules of Procedure. " Johnson Creative Arts, Inc. v. Wool Masters, Inc., 743 F. 2d 947 (1st Cir. 1984) The Court should only confirm that Congress in enacting the ADA intended that it have personal jurisdiction over defendants like, Salem and it officers. Plaintiff respectfully suggests to the Court that it did. Personal jurisdiction over all defendants is therefore present in this Court to require the denial of said defendants Motion.

Also, plaintiff's choice of a forum should be accorded great weight. Ticketmaster-New York, Inc. v. Alioto, 26 Fed. 3d 201 (1st Cir. 1994). The court should also examine whether the assertion of personal jurisdiction will place any particular burden on the defendants, the availability of witnesses and documents. Noonan v. Colour Library Books, Ltd., 947 F.Supp. 564 (D.Mass 1996.

In this case it is hard to see where litigation of the controversy in the District of Massachusetts presents a special or unusual burden on the defendants, availability of witnesses or documents. The United States District Court for the District of New Hampshire was originally chosen; but in deference to the plaintiff, Massachusetts was chosen (See Affidavit attached to this Memorandum)

## CONCLUSION

For the reasons hereinbefore set forth the Motion to Dismiss of the defendant, The Town of Salem, New Hampshire, Louis Currier, Jeffrey Ouellette and Kristin Fili, should be DENIED.

Respectfully submitted for
THE PLAINTIFF,

William R. Sullivan, Sr.
BBO # 488340
356 Main Street
Haverhill, MA 01830
(978) 373-9130

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been mailed postage prepaid, by Priority Mail on this 18th day of January, 2005 to all attorneys of record.

William R. Sullivan, Sr., Esq.

-3-

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

RHONDA S. ABBOTT

      Plaintiff

V.

THE TOWN OF SALEM NEW HAMPSHIRE,
PRINTS PLUS, INC., CONTROL SECURITY
SERVICES, INC., SIMON PROPERTY GROUP
LOUIS CURRIER, JEFFREY OUELLETTE,
KRISTIN FILI, AND DENISE L. SMITH

      Defendants

CIVIL ACTION NO. 0412250 RWZ

### PLAINTIFF'S AFFIDAVIT IN SUPPORT OF HER OPPOSITION TO DEFENDANTs, THE TOWN OF SALEM, NEW HAMPSHIRE, LOUIS CURRIER, JEFFREY OUELLETTE AND KRISTIN FILI'S, MOTION TO DISMISS PURSUANT TO FED.R.CIV.P 12(b)(6)

I, William R. Sullivan, Sr., attorney of record for the plaintiff herein on oath depose and say:

1. I have personal knowledge of all the statements contained in this affidavit.
2. This case was originally intended to be filed in the United States District Court for the District of New Hampshire.
3. Since the incident at the Rockingham Mall complained of in this case, the plaintiff has been treated for depression, varying from mild to severe.
4. In her depressed condition the plaintiff has exhibited abnormal fear of matters related to New Hampshire and in particular, the Rockingham Mall and police officers.. This has been confirmed by her therapists and her statements to me.
5. Based upon my observations of the plaintiff over three years and discussions with her therapists, I believe that trial of this case in the District of New Hampshire will potentially severely impact on the plaintiff's mental condition, causing unnecessary additional harm
6. For the above reasons, counsel choice to file this litigation in the District of Massachusetts.

Subscribed and sworn to under the pains and penalties of perjury this 18th day of January, 2005.

William R. Sullivan, Sr.