UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:  01 12250 RWZ

| | |
|---|---|
| RHONDA S. ABBOTT,<br>      Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| THE TOWN OF SALEM NEW<br>HAMPSHIRE, PRINTS PLUS, INC.,<br>CONTROL SECURITY SERVICES, INC.,<br>SIMON PROPERTY GROUP, LOUIS<br>CURRIER, JEFFREY OUELETTE,<br>KRISTIN FILI AND DENISE L. SMITH<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER AND JURY DEMAND OF
THE DEFENDANT, SIMON PROPERTY GROUP**

**FIRST DEFENSE**

The plaintiff's complaint fails to state a cause of action upon which relief can be granted.

**SECOND DEFENSE**

The defendant, Simon Property Group, responds to the plaintiff's complaint paragraph by paragraph as follows:

**PARTIES**

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. The defendant denies the allegations contained in this paragraph.

1122786v1

5.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## JURISDICTION

10.   The defendant denies the allegations contained in this paragraph.

11.   The defendant denies the allegations contained in this paragraph.

## COUNT I

12.   The defendant repeats and realleges its responses to Paragraphs 1 through 11 as if set forth in full herein.

13.   This paragraph refers to another defendant therefore no response is required.

14.   This paragraph refers to another defendant therefore no response is required.

## COUNT II

15.   The defendant repeats and realleges its responses to Paragraphs 1 through 14 as if set forth in full herein.

16.   This paragraph refers to another defendant therefore no response is required.

17.   This paragraph refers to another defendant therefore no response is required.

18.   This paragraph refers to another defendant therefore no response is required.

## COUNT III

19.   The defendant repeats and realleges its responses to Paragraphs 1 through 18 as if set forth in full herein.

20. This paragraph refers to another defendant therefore no response is required.

21. This paragraph refers to another defendant therefore no response is required.

22. This paragraph refers to another defendant therefore no response is required.

## COUNT IV

23. The defendant repeats and realleges its responses to Paragraphs 1 through 22 as if set forth in full herein.

24. Defendant admits so much of this paragraph as alleges that on November 3, 2001, Simon Property Group, LP was the managing entity for Mall at Rockingham Park. The defendant denies the remaining allegations contained in this paragraph.

25. The defendant denies the allegations contained in this paragraph.

26. The defendant denies the allegations contained in this paragraph.

The defendant denies that plaintiff is entitled to judgment in any amount.

## COUNT V

27. The defendant repeats and realleges its responses to Paragraphs 1 through 26 as if set forth in full herein.

28. This paragraph refers to another defendant therefore no response is required.

29. This paragraph refers to another defendant therefore no response is required.

30. This paragraph refers to another defendant therefore no response is required.

## THIRD DEFENSE

The defendant, Simon Property Group, denies each and every allegation of the plaintiff's complaint except as specifically admitted above.

## FOURTH DEFENSE

The defendant is guilty of no negligence.

1122786v1

**FIFTH DEFENSE**

By way of affirmative defense, the defendant says that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendant was not and is not legally responsible.

**SIXTH DEFENSE**

By way of affirmative defense, the defendant says that at the time of the alleged incident, the plaintiff was guilty of a violation of law which contributed to the alleged incident.

**SEVENTH DEFENSE**

By way of affirmative defense, the defendant says that the injuries allegedly sustained by the plaintiff resulted from dangers, the risk of which the plaintiff assumed, and, therefore, the plaintiff cannot recover.

**EIGHTH DEFENSE**

By way of affirmative defense, the defendant says that the plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the plaintiff from the defendant should be reduced in proportion to the said negligence of the plaintiff in accordance with M.G.L. Ch. 231, Sec. 85.

**NINTH DEFENSE**

By way of affirmative defense, the defendant says that the negligence of the plaintiff was greater than the alleged negligence of the defendant and that such negligence of the plaintiff contributed to her alleged injury and, therefore, the plaintiff is barred from recovery under M.G.L. Ch. 231, Sec. 85.

**TENTH DEFENSE**

By way of affirmative defense, the defendant says that if the plaintiff was injured, it was as a result of the plaintiff's breach of her duty to exercise a high degree of care to protect and ensure her own safety.

4

1122786v1

**ELEVENTH DEFENSE**

By way of affirmative defense, the defendant says that the plaintiff consented to the alleged conduct and acts and that, therefore, the plaintiff cannot recover.

**TWELFTH DEFENSE**

By way of affirmative defense, the defendant says that its acts and conduct were performed according to, and protected by, law and/or legal process, and that, therefore, the plaintiff cannot recover.

**THIRTEENTH DEFENSE**

By way of affirmative defense, the defendant states that this action is barred by the applicable Statute of Limitations.

**FOURTEENTH DEFENSE**

The Complaint should be dismissed because the venue is improper.

**FIFTEENTH DEFENSE**

The plaintiff is estopped by her conduct from seeking to recovery from the defendant.

**SIXTEENTH DEFENSE**

The action of the plaintiff is barred or the plaintiff's damages must be reduced as a result of the plaintiff's failure to mitigate damages.

**SEVENTEENTH DEFENSE**

The defendant says that the plaintiff cannot recover in this action because the defendant was justified in its conduct and acts, which includes but is not limited to the plaintiff's acts of aggression and her trespass onto the defendant's property.

**EIGHTEENTH DEFENSE**

The defendant says that the plaintiff cannot recover in this action because the defendant was privileged in its conduct and acts.

**NINETEENTH DEFENSE**

The defendant says that the plaintiff cannot recover in this action because the defendant provided plaintiff with a reasonable accommodation for any disabilities she may have had.

**TWENTIETH DEFENSE**

The plaintiff cannot recover in this action because she failed to exhaust her administrative remedies.

**TWENTY FIRST DEFENSE**

By way of affirmative defense, the defendant states that plaintiff has misnamed the defendant.

WHEREFORE, the defendant demands that the complaint be dismissed and judgment entered in favor of the defendant with costs and disbursements of this action.

**THE DEFENDANT DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.**

Defendant,
SIMON PROPERTY GROUP
By their attorneys,


___/s/*Sean J. Milano*_____
Sean J. Milano, BBO#:  551996
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210
(617) 439-7500