UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 25 P 3: 36

U.S. DISTRICT COURT
DISTRICT OF MASS.

**RHONDA S. ABBOTT,**
  **Plaintiff**

CIVIL ACTION NO. 04-12250 RWZ

v.

**THE TOWN OF SALEM NEW
HAMPSHIRE, PRINTS PLUS, INC.,
CONTROL SECURITY SERVICES,
INC., SIMON PROPERTY GROUP,
LOUIS CURRIER, JEFFREY
OUELLETTE, KRISTIN FILI, AND
DENISE L. SMITH,**
  **Defendants.**

### DEFENDANT DENISE L. SMITH'S MEMORANDUM IN SUPPORT OF HER MOTION TO DISMISS

**I.** *Statement of the Case*

In her Complaint, plaintiff alleges that on November 3, 2001 she was a customer at a Prints Plus, Inc. store located at the Rockingham Park Mall, Salem, New Hampshire. Plaintiff alleges that Smith was an employee of the Prints Plus, Inc. store in Salem, New Hampshire. Plaintiff alleges that her rights were violated under the Americans With Disabilities Act of 1990, 104 Stat. 327, U.S.C. Title II, § 202 and U.S.C. Title III, § 302. Plaintiff further alleges she was caused to suffer mental and physical pain when she was arrested.

In addition to Smith, plaintiff has also brought claims against Prints Plus, Inc., Control Security Services, Inc. (a security company at the Rockingham Park Mall), Simon Property Group (operator of the Rockingham Park Mall), The Town of Salem, New Hampshire (employer of the police officers who arrested the plaintiff), Louis Currier (a

police officer for the Town of Salem, New Hampshire and an employee of Control Security Services, Inc.), Jeffrey Ouellette (a police officer for the Town of Salem, New Hampshire and an employee of Control Security Services, Inc.)., and Kristin Fili (a police officer for the Town of Salem, New Hampshire). Prints Plus, Inc. has moved to dismiss on the grounds venue is improper.

Denise L. Smith has moved to dismiss the Complaint on the grounds that the Court lacks personal jurisdiction over her and that venue is improper. This Memorandum is submitted in support thereof.

## II.   Facts

Smith resides at 35 Moose Hollow Road, Danville, New Hampshire. (See Complaint, paragraph 9 and Affidavit of Denise L. Smith, paragraph 1, filed herewith [hereinafter "Affidavit"]). On or about November 3, 2001, Smith was an employee of Prints Plus, Inc. at the Prints Plus store located at the Rockingham Park Mall, Salem, New Hampshire. (Affidavit, paragraph 2). Smith does not own or lease property in Massachusetts. (Affidavit, paragraph 3). At no time has Smith been a resident of Massachusetts.

## III.   Argument

### I.   *The Court Lacks Personal Jurisdiction Over Smith*

Smith should be dismissed from this action on the ground of lack of personal jurisdiction because plaintiff cannot bear the burden of showing a basis for personal jurisdiction. See *Daynard v. Ness, Motley, Loadholt, Richardson & Poole*, 290 F. 3d, 42, 50 (1st Cir. 2002). ("The plaintiff bears the burden of proving the Court's jurisdiction over

the defendant.") *Id.*

Plaintiff seeks to bring Smith before this Court even though Smith is a New Hampshire resident with no Massachusetts jurisdictional contacts and all alleged acts which give rise to this action occurred in New Hampshire. Smith's lack of Massachusetts contacts makes the exercise of personal jurisdiction over her in this forum improper under the due process clause of the Fourteenth Amendment to the United States Constitution.

Plaintiff must satisfy the requirements of the Massachusetts Long Arm Statute, G.L. c. 223A, § 3, before the Court may exercise personal jurisdiction over Smith. She then must show that subjecting Smith to personal jurisdiction in Massachusetts comports with the requirements of due process. See *Lyle Richards Int'l, Ltd. v. Ashworth, Inc.*, 132 F. 3d, 111, 112 (1st Cir. 1997) (jurisdiction in diversity cases limited by both Massachusetts' long arm statute and the U.S. Constitution). Plaintiff cannot make either showing, and Smith should be dismissed from this action.

Jurisdiction over Smith in this action is not valid as none of the requirements of G.L. c. 223A, § 3 are satisfied as to Smith. The cause of action of plaintiff's Complaint arises out of an alleged disturbance in a New Hampshire store. The facts as alleged by the plaintiff do not involve Smith transacting business in this Commonwealth, a contract under which Smith was to supply services or things in this Commonwealth, a tortious injury by an act of Smith in this Commonwealth, a tortious injury in this Commonwealth by an act or omission outside this Commonwealth, real property in Massachusetts, a contract to insure to which Smith is a party, or any matter of family law.

Second, plaintiff cannot bring Smith before this Court without violating Due Process

principles. The Due Process Clause of the United States Constitution "limits the power of a state to exert personal jurisdiction over a non resident defendant", such as Smith. *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 108 (1986). "Specific personal jurisdiction can be asserted over a defendant only if: (1) the claim directly relates to or arises from the defendant's contacts with the forum; and (2) the contacts constitute purposeful availment of the benefits and protections afforded by the forum's law." *Levin v. Harned*, 340 F. Supp. 2d, 136, 146 (D. Mass. 2003) (citations and internal quotations omitted); See *Asahi*, 480 U.S. at 108 (1987), quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) as quoted in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) ("minimum contracts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its law.'"). If minimum contacts are not demonstrated, the Court need not continue on to analyze the reasonableness of the proposed exercise of jurisdiction. *Levin* at 146, citing *United Elec. Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F. 2d 1080, 1088 (1st Cir. 1992).

"The governing principle [of the due process analysis] is the fairness of subjecting a defendant to suit in a distant forum." *Good Hope Industries, Inc. v. Ryder Scott Co.*, 378 Mass. 1, 7 (1979), quoting *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) (internal quotations omitted). The due process analysis determines "whether there was some minimum contact with the Commonwealth which resulted from an affirmative, intentional act of the defendant such that it is fair and reasonable to require the defendant to come into the State to defend the action." *Id*.

Smith's Motion to Dismiss for lack of personal jurisdiction should be granted because Smith does not have minimum contacts with Massachusetts amounting to purposeful availment of the forum. Therefore, it would not be "fair and reasonable" to force Smith to defend herself here, and to do so would be contrary to due process principles. Plaintiff cannot present any facts which establish minimum contacts with Massachusetts by Smith.

Conspicuously absent from plaintiff's Complaint is any allegation of any act by Smith (or any other party) in Massachusetts. The Complaint also fails to allege any purposeful act by Smith which would subject her to jurisdiction in Massachusetts. Consequently, requiring Smith to defend herself would neither be fair nor reasonable, and due process considerations mandate that Smith's Motion to Dismiss be granted.

### IV.    *Venue Is Not Proper Against Smith*

Plaintiff alleges that venue is proper in this diversity case, but she cannot satisfy the requirements of 28 U.S.C., § 1391(b).

28 U.S.C., § 1391(b) states:

> (b) a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same state,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff's Complaint provides no basis to show that venue is proper in Massachusetts. The only allegation within plaintiff's Complaint of a connection with Massachusetts is that the plaintiff is a Massachusetts resident. Venue is clearly not proper pursuant to § 1391(b)(1), as none of the defendants reside in Massachusetts. The Complaint alleges that Prints Plus, Inc. is a California corporation, Control Security Systems, Inc. is a Delaware corporation, Simon Property Group's place of business is located in Salem, New Hampshire, the Town of Salem, New Hampshire is a municipal corporation located in Salem, New Hampshire, Louis Currier, Jeffrey Ouellette and Kristin L. Fili are employed by the Town of Salem, New Hampshire police force and are New Hampshire residents whose addresses are unknown and Smith is a New Hampshire resident.

Venue is not proper pursuant to § 1391(b)(2), as none of the events or omissions which give rise to this claim occurred in Massachusetts. All of the events which the plaintiff alleges which give rise to her claim occurred in New Hampshire.

Finally, the requirements of § 1391(b)(3) are not satisfied. Under § 1391(b)(3), venue is proper in a judicial district in which a defendant may be found if there is no other district in which the action may be brought. Plaintiff does not recite any allegations which would satisfy the first part of § 1391(b)(3), but even if plaintiff could, the second part of § 1391(b)(3) is not satisfied, Clearly, this civil action could be brought in the District of New Hampshire where the events which give rise to this civil action occurred and where one or more defendants reside.

For these reasons, venue is improper in this Court, and Smith's Motion to Dismiss

should be granted.

**V.    *Conclusion***

For the reasons stated above, the Complaint should be dismissed as against the defendant Denise L. Smith.

Defendant,
Denise L. Smith
by her attorneys,
GRIFFIN & GOULKA

*/s/ Joanne L. Goulka*
Joanne L. Goulka
477 Main Street
Stoneham, MA 02180-2602
(781) 279-9858
BBO # 205500

Joanne L. Goulka, attorney for the defendant Denise L. Smith in the above-entitled action, hereby certifies that a true copy of this document was served upon the attorney of record for each party by regular mail, postage prepaid, on January 21, 2005.

*/s/ Joanne L. Goulka*
Joanne L. Goulka
