UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**RHONDA S. ABBOTT,**
**Plaintiff**

CIVIL ACTION NO. 04-12250 RWZ

v.

**THE TOWN OF SALEM NEW HAMPSHIRE, PRINTS PLUS, INC., CONTROL SECURITY SERVICES, INC., SIMON PROPERTY GROUP, LOUIS CURRIER, JEFFREY OUELLETTE, KRISTIN FILI, AND DENISE L. SMITH,**
**Defendants.**

### DEFENDANT PRINTS PLUS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE

**I.**   *Statement of the Case*

In her Complaint, plaintiff alleges that on November 3, 2001 she was a customer at a Prints Plus, Inc. store located at the Rockingham Park Mall, Salem, New Hampshire. Plaintiff alleges her rights were violated under the Americans With Disabilities Act of 1990, 104 Stat. 327, U.S.C. Title II, § 202 and U.S.C. Title III, § 302. Plaintiff further alleges she was caused to suffer mental and physical pain when she was arrested by police officers from the town of Salem, New Hampshire.

In addition to Prints Plus, Inc., plaintiff has also brought claims against Denise L. Smith (a Prints Plus, Inc. employee on the date of the incident who resides in New Hampshire), Control Security Services, Inc. (a security company at the Rockingham Park Mall), Simon Property Group (operator of the Rockingham Park Mall), The Town of Salem, New Hampshire (employer of the police officers who arrested the plaintiff), Kristin Fili (a

police officer employed by the Town of Salem, New Hampshire), Jeffrey Ouellette and Louis Currier (police officers employed by the Town of Salem, New Hampshire and employees of Control Security Services, Inc.).

Prints Plus, Inc. has moved to dismiss on the ground venue is improper. This Memorandum is submitted in support thereof.

II. **Argument**

In her Complaint, plaintiff states that "jurisdiction of this Court is invoked pursuant to diversity of citizenship." Plaintiff further states that the action arises in part under the Americans With Disabilities Act of 1990. The applicable statute as to venue where a claim is not solely based on diversity of citizenship is 28 U.S.C. §1391(b) which states:

> (b) a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same state,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff's Complaint provides no basis to satisfy the requirements of § 1391(b) for venue to be proper in the District of Massachusetts. The allegations of plaintiff's Complaint state the residence of each defendant as follows: Prints Plus, Inc. is a California corporation with its principal place of business in California and a registered agent in New Hampshire; Control Security Systems, Inc. is a New Jersey corporation with its principal

place of business in New Jersey and a registered agent in New Hampshire; Simon Property Group's principal place of business is 99 Rockingham Park Boulevard, Salem, New Hampshire; Town of Salem New Hampshire is a municipal corporation located in Salem, New Hampshire; Louis J. Currier is an employee of the Salem Police Department, Salem, New Hampshire with an unknown New Hampshire residence; Jeffrey Ouellette is an employee of the Salem Police Department, Salem, New Hampshire, with an unknown New Hampshire residence; Kristin L. Fili is an employee of the Salem Police Department, Salem, New Hampshire, with an unknown New Hampshire residence; and Denise L. Smith resides at 35 Moose Hollow Road, Danville, New Hampshire. None of the residents reside in Massachusetts, and the requirements of § 1391(b)(1) are not satisfied.

The conditions of § 1391(b)(2) are also not met in this civil action. All of the events as alleged by plaintiff occurred in Salem, New Hampshire. Section 1391(b)(2) states that a substantial part of the events or omissions must have occurred in the judicial district where the claim is brought. The plaintiff's Complaint fails to cite one event or omission which occurred in Massachusetts. The second part of § 1391(b)(2) is not applicable as this action does not involve property.

The only allegation within the Complaint which relates to Massachusetts is that the plaintiff is a resident of Massachusetts. Where an injury occurs in a different state, the Court has ruled that a plaintiff's receipt of medical treatment and or the enduring of pain and suffering in Massachusetts does not satisfy the requirements of § 1391(b)(2) as an event or omission which has occurred in Massachusetts. See *Walsh v. National Seating Co., Inc.*, 411 F. Supp. 564, 571 (D. Mass. 1976).

Finally, the requirements of § 1391(b)(3) are not satisfied. Under § 1391(b)(3), venue is proper in a judicial district in which a defendant may be found only if there is no other district in which the action may be brought. Clearly, this civil action could be brought in the District of New Hampshire where the events which give rise to this civil action occurred and where one or more defendants reside.

### III.   Conclusion

Where none of the requirements of 28 U.S.C., § 1391 are satisfied, this civil action should be dismissed, as venue is not proper in this judicial district.

Defendant,
Prints Plus, Inc.
by its attorneys,
GRIFFIN & GOULKA


Joanne L. Goulka
477 Main Street
Stoneham, MA 02180-2602
(781) 279-9858
BBO # 205500

Joanne L. Goulka, attorney for the defendant Prints Plus, Inc. in the above-entitled action, hereby certifies that a true copy of this document was served upon the attorney of record for each party by regular mail, postage prepaid, on January 21, 2005.


Joanne L. Goulka