UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 0412250 RWZ

RHONDA S. ABBOTT
Plaintiff

V.

THE TOWN OF SALEM NEW HAMPSHIRE,
PRINTS PLUS, INC., CONTROL SECURITY
SERVICES, INC., SIMON PROPERTY GROUP
LOUIS CURRIER, JEFFREY OUELLETTE,
KRISTIN FILI, AND DENISE L. SMITH
Defendants

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT, PRINTS PLUS INC.'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P 12

Plaintiff opposes and respectfully requests that the Court deny defendant, PrintsI Plus, Inc.'s ("Prints") Motion to Dismiss pursuant to Fed.R.Civ.P 12 for lack of personal and improper venue, for the following reasons:

### FACTS

Plaintiff prior to November 2, 2001 brought a damaged frame to the defendant, Frames, Plus, Inc. ("Frames"), to be repaired. She returned to Prints store in the Rockingham Mall in Salem, New Hampshire on the evening of November 2, 2001 to retrieve her repaired picture frame. She presented a receipt of the fame to the defendant Denise Smith ("Smith"), an employee of Prints. Simon Property Group, Inc. ("Simon") is in charge of the management of Rockingham Ma.., located in Salem, New Hampshire.

Plaintiff is a severely hearing impaired woman . Because of that disability she had difficulty in communicating with Smith, who eventually called the defendant, Control Security Services, Inc. ("Control") that was responsible for security matters within the mall. Control dispatched personnel to Prints store in the person of defendants, Louis Currier ("Currier") and Jeffrey Ouellette ('Ouellette"). The difficulty of communication continued between the plaintiff , Currier and Ouellette.  As a result the plaintiff was handcuffed and transported to the Salem, New Hampshire Police Station.

The defendants, Prints, Simon and Security, are foreign corporations with principal offices in California Indiana and New Jersey respectfully. Each of those corporations are authorized to do business in both Massachusetts and New Hampshire. Currier and Ouellette are police officers of the Town of Salem, New Hampshire and employees of Security. Smith is an

1

employee of Prints. Kristin File ("File") is a police officer of the Town of Salem New Hampshire with a residential address unknown to the plaintiff.

Smith has filed a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12. This Memorandum is submitted in opposition to that Motion.

## ARGUMENT

Plaintiff maintains that venue in this action is properly in the judicial district of this Court. The defendants, Prints, Control and Simon are all corporations authorized to do business in Massachusetts (See Complaint, paras. 2-4) and, as such, subject to the personal jurisdiction of this Court. Under 28 U. S. C. §1391(c), therefore they are considered "residents" of Massachusetts and in compliance with the requirements of § 1391(a)(3). The defendant, Smith (Id. at para. 9), has already answered the Complaint and submitted to the jurisdiction of this Court..

The existence of a federal question in this litigation creates a different and more liberal requirement with regard to personal jurisdiction of the Court. "When district court's subject matter jurisdiction rests wholly or in part on existence of federal question, Constitution requires only that defendant have requisite minimum contacts with United States as whole rather than with forum state. Cook v. McLaughlin, 917 F. Supp. 79 (D. Mass. 1996); Catrone v. Ogden Suffolk Downs, Inc., 647 F. Supp. 850 (D. Mass. 1986). Of course the federal question in this case are the alleged violations of the ADA by each of the defendants. It has also been stated that, "The minimum contacts" requirement for personal jurisdiction is not imposed on federal courts in a federal question case by due process concerns, but rather is imposed by Federal Rules of Procedure. " Johnson Creative Arts, Inc. v. Wool Masters, Inc., 743 F. 2d 947 (1st Cir. 1984) The Court should only confirm that Congress in enacting the ADA intended that it have personal jurisdiction over defendants like Prints. The existance of a federal question, makes the District of Massachusetts a proper venue as a exception to the constraints of 28 U.S.C., §1391.

Plaintiff's choice of a forum should be accorded great weight. Ticketmaster-New York, Inc. v. Alioto, 26 Fed. 3d 201 (1st Cir. 1994). The court should also examine whether the assertion of personal jurisdiction will place any particular burden on the defendants, the availability of witnesses and documents. Noonan v. Colour Library Books, Ltd., 947 F.Supp. 564 (D.Mass 1996.

In this case it is hard to see where litigation of the controversy in the District of Massachusetts presents a special or unusual burden on the defendants, availability of witnesses or documents. The United States District Court for the District of New Hampshire was originally chosen; but in deference to the plaintiff, Massachusetts was chosen (See Affidavit attached to this Memorandum)

2

## CONCLUSION

For the reasons hereinbefore set forth the Motion to Dismiss of the defendant, Prints Plus, Inc., should be DENIED.

Respectfully submitted for
THE PLAINTIFF,

William R. Sullivan, Sr.
BBO# 488340
356 Main Street
Haverhill, MA 01830
(978) 373-9130

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been mailed postage prepaid, by Priority Mail on this 8th day of March, 2005 to all attorneys of record.

William R. Sullivan, Sr., Esq.