UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12250-RWZ

RHONDA S. ABBOTT

v.

THE TOWN OF SALEM, NEW HAMPSHIRE, et al.

ORDER

March 29, 2005

ZOBEL, D. J.

    Plaintiff, a resident of Massachusetts, and a some-time shopper in New Hampshire, is hearing impaired. Apparently, as a result of her disability, a misunderstanding developed between her and defendant, Denise L. Smith, a sales clerk at Prints Plus, Inc., which, on the day in question, November 3, 2001, operated a framing shop at the Rockingham Park Mall in Salem, NH. The incident led to the arrest of plaintiff which caused her to suffer mental and physical harm. In due course, plaintiff brought an action in this court against the Town of Salem, NH and the two police officers implicated in the arrest; the print shop and its clerk, Ms. Smith; the security company at the mall, Control Security Services, and the owner of the mall, Simon Property Group.

    All defendants but the last named have moved to dismiss variously on the grounds that venue is improper or that the court does not have personal jurisdiction over the moving party. The motions are allowed. Plaintiff acknowledges that venue is improper in Massachusetts as none of the defendants resides in this district. 28 U.S.C. § 1391 (b)(1) Nor did any of the events or

omissions giving rise to the claim occur here.  § 1391 (b)(2), and there is a district, New Hampshire, in which the action may be brought.  § 1391 (b)(3).

Two sets of defendants, the Town of Salem and its police officers and Denise Smith, the print shop sales clerk and a resident of New Hampshire, also seek dismissal on the ground that this court does not have personal jurisdiction over them.  Contrary to plaintiff's assertion, the fact that subject matter jurisdiction exists under a federal statute, does not, without more, empower this court to exercise personal jurisdiction over these New Hampshire defendants.

For the reasons stated, the motions to dismiss are allowed.

Two issues remain.  First, since the commencement of this action, defendant Prints Plus, Inc. has filed for bankruptcy.  Consequently, as of the date of filing, January 11, 2005, an automatic stay of this action entered pursuant to 11 U.S.C. § 392.  Since the court cannot therefore address this defendant's motion to dismiss, the case shall be closed administratively subject to being reopened upon motion when the stay is lifted.

Second, defendant, Simon Property Group, has not filed any properly signed responsive pleading.  However, the allegations in the complaint are clear that as to this defendant also venue does not lie in Massachusetts.  The complaint against this defendant is therefore also dismissed.

In summary the complaint may be dismissed against all defendants except Prints Plus, Inc. The case against the latter is ordered closed administratively.  Judgment may be entered dismissing the complaint against the remaining defendants.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |